NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0349n.06

No. 16-6671

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 20, 2017
DEBORAH S. HUNT, Clerk

ROBERT FREE,                                  )
                                              )
    Plaintiff-Appellant,                      )    ON APPEAL FROM THE UNITED
                                              )    STATES DISTRICT COURT FOR
v.                                            )    THE EASTERN DISTRICT OF
                                              )    KENTUCKY
SOCIAL SECURITY ADMINISTRATION,               )
                                              )
    Defendant-Appellee.                       )

BEFORE: KEITH, BATCHELDER, and SUTTON, Circuit Judges.

PER CURIAM. Robert Free appeals the district court's judgment affirming the denial of his application for disability insurance benefits.

In 2011, Free filed an application for disability insurance benefits, alleging that he became disabled on July 31, 2003. After the Social Security Administration denied the application, Free requested a hearing before an administrative law judge (ALJ). The ALJ conducted a hearing and denied Free relief. The Appeals Council declined to review the case. The district court affirmed the denial of Free's application.

On appeal, Free argues that the ALJ erred by concluding that he retained the ability to perform a limited range of medium work, by relying on the testimony of a vocational expert, and by failing to determine that he is disabled under Rule 202.01 of the Medical-Vocational

Guidelines. "Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence exists if a reasonable mind might accept the relevant evidence as adequate to support a conclusion. *Id.* at 406. We review de novo the district court's conclusions on each issue. *Id.*

Free first argues that the ALJ erred by concluding that he retained the ability to perform a limited range of medium work in spite of his cardiac issues and problems with his back and lower extremities. Substantial evidence supports the ALJ's determination. The treatment records from the relevant period show that Free consistently reported that he was doing well, his examinations were unremarkable, the results of the diagnostic testing and imaging were largely normal, and Free's doctors noted that he responded well to treatment. In addition, the residual functional capacity assigned by the ALJ was consistent with the medical opinion of reviewing physician Dr. Lisa Beihn, who provided the only opinion concerning Free's functional limitations.

Free next argues that the ALJ erred by relying on the testimony of a vocational expert, who testified that, assuming that Free had the residual functional capacity that was ultimately assigned to him by the ALJ, he could perform the jobs of packager and cleaner. Free contends that the expert's testimony that he could perform those jobs conflicted with the *Dictionary of Occupational Titles* (*DOT*), which states that the jobs require overhead reaching, exposure to dust, fumes, odors, and gases, and more than occasional stooping, kneeling, and crawling.

As the government concedes, Free's residual functional capacity would not allow him to perform the cleaner job identified by the vocational expert because it requires frequent rather than occasional stooping. *See Dictionary of Occupational Titles* § 323.687-010, 1991

WL 672782 (4th ed. rev. 1991). But nothing in the *DOT*'s definition of the packaging job identified by the vocational expert precludes Free from performing it. The job does not require exposure to dust, fumes, odors, and gases or more than occasional stooping, kneeling, and crawling, and, although the job does require constant reaching, it does not explicitly require overhead reaching. *See id.* § 920.587-018, 1991 WL 687916. And the ALJ reasonably accounted for Free's limited education and inability to reach overhead by accepting the vocational expert's decision to reduce the number of available packaging jobs by fifty percent. *See Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008) (per curiam). Because the vocational expert identified over 400,000 packaging jobs nationwide that Free could perform, substantial evidence supports the ALJ's finding that Free is not disabled. *See Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157-58 (6th Cir. 2009) (concluding that the ALJ's erroneous reliance on one of the jobs identified by a vocational expert was harmless because the expert otherwise identified a significant number of jobs in the national economy that the claimant could perform); *see also Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (concluding that 6,000 jobs nationwide is a significant number).

Finally, Free argues that the ALJ erred by failing to determine that he is disabled under Rule 202.01 of the Medical-Vocational Guidelines, which directs a finding of disabled for unskilled persons of limited education or less who are limited to light work and are of advanced age. *See* 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 202.01. But no error occurred because that rule applies only where a claimant is limited to light work, and the ALJ reasonably determined that Free could perform medium work.

Accordingly, we **AFFIRM** the district court's judgment.